Ollie Karlowski, Appellee, v. Peoria Railway Company, Appellant.

Gen. No. 5,734.

DAMAGES—*what not excessive.* Where plaintiff, a boy 11 years old, while standing on the tracks of defendant's street railway at a crossing where there was no light, waiting for a south-bound car to pass, was struck by a north-bound car and received injuries which resulted in the loss of part of the left foot and a toe of the right foot, a judgment for $4,000 is sustained.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied April 16, 1913.

PINKNEY & McROBERTS, for appellant.

DAILEY & MILLER, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee, 11 years, 1 month and 20 days old, was crossing a street in Peoria on January 29, 1912, at about 6:15 o'clock P. M., after dark, at a street crossing where there was no light, and along which street appellant conducted a double track street car line. It was on Adams street at the Lisk street crossing. Adams street is on the down hill side toward the river, and the other side is the bluff side. The lower street car tracks run north or up and the higher street car tracks run south or down.

Appellee claims he saw a south-bound car approaching and his attention was attracted by it, and he did not see a north-bound car approaching. As he stood on the north-bound track waiting for the south-bound car to pass he was struck, and his feet were injured, and he brought this suit to recover damages for such injuries, and had a verdict and judgment for $4,000, from which the defendant below appeals.

It is not contended that the court erred in any ruling on evidence or instructions, or any other ruling at the trial except that it is contended that the court should have given an instruction to the jury to find for the defendant. There was evidence that the car which struck appellee was going twenty-five miles an hour. There was no street light at that crossing. There was evidence that this car was not ringing a gong as an ordinance required. There was evidence appellee's attention was distracted by the car coming north. There was evidence by appellant that the car was running at a very moderate speed, and that the gong was rung, and that there was a car approaching from the north within four blocks. There was evidence for appellant that a coal wagon was coming from the east, and that the boy must have come upon the track from the upper side of the street behind the coal wagon. There was other evidence tending to show there was no coal wagon there. There was evidence that the motorman was keeping strict look out ahead and other evidence that he could not have been so doing because he did not see appellee. There was evidence appellee was seriously injured and there was evidence his injuries were not very serious. It is clear that there being evidence, which standing by itself, would make a case for appellee, the court could not have instructed the jury to find for appellant without committing reversible error. The jury found in favor of appellee on conflicting testimony, and the trial judge approved their finding, and we see no such condition of the evidence as would justify us in holding that the jury and the trial judge were wrong, and that the verdict should have been for appellant. Appellant claims that the damages are excessive, but he does not show so by his argument. On the question of the injuries to appellee Dr. P. F. James testified for appellee that he saw appellee right after the accident, and that both

feet were apparently crushed and bleeding; that he examined him soon after the operation on the feet by Dr. Weil; that the front part of his right foot was removed entirely, and that it was not healed; that it seemed to be more or less angry on top, and very tender to the touch; that appellee will not be able to get around very good until it is healed a great deal more than it is; that the only thing he could say about the way it would affect him in the future is the way other cases had been with which he was acquainted, and they generally take years and continue to be tender for a number of years, probably always during natural life this will be tender; that on the left foot a part of the little toe is off, and there has been a crushing of the ligament around the ankle joint; that he would say from an external examination that the ligament had been torn loose and probably not united; that he could not tell from his examination whether any bones were taken out of the left foot or not aside from the little toe; that the injuries are now in such condition as to cause pain and suffering; that appellee will always have pain when there is any change in the weather, quite severe pains; that the foot will always be susceptible to cold; that it will be more sensitive to any change in temperature than the rest of his body; that these injuries would always have an effect upon his locomotion and will cause him pain and suffering.

Appellee testified as to his own injuries that the injury took off a part of his right foot and burst his left one open; that there was a pretty good deal of pain in connection with it; that he has a good deal of pain in them yet; it burns all the time. It was the right foot that was partially amputated; that they took all the bones out of the little toe on the other foot, and the toe nail was out; that he was in the hospital five weeks and five days; that he has not been able to walk yet without crutches; that when he puts his foot down to the ground it makes it burn more; that he has not been able to walk like he did formerly since he received

the injury; that he cannot hear as good as he could before he was injured.

Dr. Albert Weil, who had been appellant's physician and surgeon for 17 years, testified as to the operation on the right foot; that he unjointed the toes at the inner joint; leaving half of the ball of the foot; that appellee was practically well when he left the hospital with the exception of having an abrasion of the skin on the top of the right foot which was slowly healing; that there were no bones taken out of the left foot; that appellee would have a useful foot left; that he will be able to walk and do practically all those things which one could do with toes, barring the balance and a perceptible limp; that he will be able to get around without crutches; that the foot will be tender for probably a year from the time of the accident; that he will favor that foot until it becomes hardened and calloused by use; that he will not be able to get around as well as if he had his toes; that the injury will interfere with his running; that he will be able to run on that stump of a foot; that the limp will be perceptible for a long time, it might be always.

We are not prepared to say that the award of damages is excessive, or such as to show passion or prejudice on the part of the jury.

The judgment will be affirmed.

*Affirmed.*